Eugene McCARTHY and George Kehoe

v.

Paul J. HARDY, Secretary of State, State of Louisiana.

Civ. A. No. 76–2947.

United States District Court, E. D. Louisiana.

Sept. 27, 1976.

George Kehoe, Joseph Marcal, III, New Orleans, La., for plaintiffs.

William J. Guste, Jr., Atty. Gen., State of La., Baton Rouge, La., Kendall L. Vick, Donald B. Ensenat, Asst. Attys. Gen., for defendant.

## ORDER

CHARLES SCHWARTZ, District Judge.

Plaintiffs in this case filed their complaint and motion for temporary restraining order and motion for preliminary and permanent injunction at 5:31 P.M. on September 24, 1976, and forthwith presented same to the undersigned judge for action.

The Court informed the plaintiff that it was unable at that time to act upon the complaint and motion for temporary restraining order because there was not attached to same an affidavit in compliance with Rule 65(b) of the Federal Rules of Civil Procedure. However, thereafter, the Court contacted the Office of the Attorney General for the State of Louisiana and requested that they have representatives present at 12:00 Noon on Saturday, September 25, 1976 to meet with plaintiff in order to discuss the relative merits of the complaint.

The conference was held, and after discussion, it was agreed that an evidentiary hearing in connection with the complaint be held on Monday, September 27, 1976, at 1:30 P.M. The parties were requested, if possible, to file a memorandum and list of authorities with the Court sometime Monday morning prior to the hearing.

As a result of the aforesaid, the Court is of the opinion that the petition for a temporary restraining order has now been converted into a hearing on an application for a preliminary injunction and the Court, in view of the urgency of the matter under consideration, in accordance with Rule 65(a)(2), hereby advances and consolidates this hearing for a preliminary injunction with the trial of the action on the merits.

## FINDINGS OF FACT

The Court finds that:

1. It was stipulated by the parties that plaintiff filed with the Secretary of State a list of signatures of at least the number required by the Statute to require the Secretary of State to place the name of plaintiff and the electors of Eugene J. McCarthy on the ballot for the general election to be held on November 2, 1976 (P–6).

2. Eugene J. McCarthy is a serious candidate for the Office of President of the United States.

3. Prior to October 21, 1974, Mary Meehan, Research Director Committee for a Constitutional Presidency, addressed inquiry to the Office of the Secretary of State, State of Louisiana, requesting election information. In response thereto, copies of the General Election Law, amended through Regular Session 1973 were forwarded by letter of Secretary of State Wade O. Martin on the above date (P–1, P–9).

4. On May 6, 1975, Miss Meehan addressed a letter to Wade O. Martin, Secretary of State, acknowledging receipt of the General Election Law booklet and noting that on page 41 all nominating papers for independent candidates are to be filed on or before the date of the second primary and inquiring as to the date of the second primary in 1976. In response thereto Miss Meehan, or her office, received from the Secretary of State a document listing the presidential and congressional election schedule for 1976 and indicating that the second primary was to be held September 25, 1976. (P–3, P–4).

5. According to Exhibit P–9 at page 41, all nominating papers for independent candidates for president are to be filed with the Secretary of State on or before the date on which the second primary is to be held to nominate candidates by political parties. Therefore, according to the information contained in Exhibits P–9 and P–4, nomination papers filed by plaintiffs would be filed no later than September 25, 1976.

6. On April 20, 1976, Miss Mary Meehan addressed a letter dated April 20, 1976 (P–8A through 8D) to Mr. Robert Hughes of the Election Division of the Office of the Secretary of State. By letter of April 26, 1976 (P–2), Wade O. Martin advised Miss Meehan that her letter had been forwarded to the Louisiana Attorney General's Office for opinion.

7. On May 17, 1976, the Office of the Attorney General of the State of Louisiana issued Opinion Request No. 76592 (P–5A and B) responding to the aforesaid letter P–8A through D, noting certain exceptions therein by setting forth that it was "basically correct as to all other items." It did not take any exception whatsoever to the date of September 25, 1976 as being the date on or before which nomination papers must be filed.

8. In July, 1976, plaintiff George Kehoe addressed a request for election information to the office of the Secretary of State and in response thereto received a booklet identical to Exhibit P–9 with the exception that Paul J. Hardy is designated as Secretary of State on the cover of said booklet (P–13). The content of page 41 of P–13 is identical to that of P–9, which was again giving plaintiff information that September 25, 1976 was the critical date.

9. There was in existence on or about June 1, 1976 a document issued by the Secretary of State setting forth election information which on page 7 indicates that August 14, 1976 was the last date to file nomination papers (D–2). However, this document was never forwarded to plaintiff. The Secretary of State's office at no time forwarded to plaintiff the law as amended in 1974, although at all times pertinent

hereto the law had been amended specifically at Section 624–C providing that the last day to file nomination papers was the date of the first primary.

10. The State of Louisiana at this time refuses to place the name of plaintiff and the electors on the November 2, 1976 ballot (P–7).

## CONCLUSIONS

1. The Court is of the opinion that this matter is properly within the jurisdiction of the Court. 42 U.S.C. § 1983. Plaintiffs allege that they have been deprived of the opportunity to place the name of electors for independent presidential candidate Eugene McCarthy on the ballot in Louisiana. This deprivation is alleged to have resulted from the actions, albeit, unintentional, of representatives of the State of Louisiana, specifically in the offices of the Secretary of State and the Attorney General for the State of Louisiana.

2. According to the law of Louisiana as amended in 1974, nomination papers for an independent candidate such as Mr. McCarthy should have been filed no later than the date of the first primary or no later than August 14, 1976.

3. Prior to the 1974 amendment, such nomination papers would have been timely filed if filed with the Secretary of State on or before the date of the second primary, which in 1976 was scheduled originally for September 25, 1976 (this was changed to October 2, 1976 due to a religious holiday which fell on the previously assigned date precluding the election at that time).

4. Although the election law, specifically section 624(c) changing the deadline date was amended as of the date of the plaintiff's representatives' initial inquiry to the Secretary of State, there was not at any time any indication made by that office to plaintiff's representatives of that fact that the law had been amended up to and including plaintiff's request for information as late as June of 1976. Defendant has argued that plaintiffs are charged with knowledge of the law and further cannot rely on opinions of the State Attorney General's office as regards deadlines or prescriptive matters. Although this may generally be the case, it is felt that in the situation at bar application of such principles would be both inequitable and in derogation of plaintiff's constitutionally guaranteed right to equal access to the electoral process. In this case an agency of the state government forwarded an outdated formula for placing an independent candidate's elector's names on the ballot which incorrect information was in effect ratified by still another state agency upon specific inquiry. From the outset plaintiff's representatives exhibited a real interest in placing Mr. McCarthy's name on the ballot and in complying with the law of Louisiana governing. Plaintiffs did in fact comply with the law as it was supplied to them.

The agencies of the State of Louisiana voluntarily supplied information to plaintiffs which was relied upon by plaintiffs to their detriment. Under the circumstances it is the opinion of the Court that defendant is estopped from asserting the August 14, 1976 deadline date as against plaintiffs, thereby preventing candidate McCarthy from being represented by electors on the ballot. *Prebensen & Blakstad v. Board of Commissioners,* 241 F.Supp. 757 (E.D.La. 1965).

5. The state has argued that it is physically impossible to place another candidate's name on the ballot due to the construction of the voting machines utilized in Louisiana and the provisions of La.R.S. 18:1174. However, it is felt that this fact cannot control. The state would have faced the same problem even had the McCarthy supporters filed their nomination papers by the August 14th deadline. The Court recognizes the problems which may be entailed by the state as a result of the Court's holding herein, and the right of the state generally to keep its ballots within manageable limits. *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972). However, as stated by the Court in *Lubin v. Panish,* 415 U.S. 709, 716, 94 S.Ct. 1315, 1320, 39 L.Ed.2d 702, it is this Court's opinion that:

This legitimate state interest, however, must be achieved by a means that does not unfairly or unnecessarily burden either a minority party's or an individual candidate's equally important interest in the continued availability of political opportunity. The interests involved are not merely those of parties or individual candidates; the voters can assert their preferences only through candidates or parties or both and it is this broad interest that must be weighed in the balance. The right of a party or an individual to a place on a ballot is entitled to protection and is intertwined with the rights of voters.

Accordingly,

IT IS ORDERED that the State of Louisiana and/or the Secretary of State be and they are hereby permanently enjoined from the further printing and distributing of election ballots without including the name of Eugene J. McCarthy as President, Hugh W. Long as Vice-President, and plaintiff George Grady Kehoe and the McCarthy electors listed on the nomination paper attached to plaintiff's complaint.

IT IS FURTHER ORDERED that any ballots distributed by the Secretary of State include the aforesaid named.

IT IS FURTHER ORDERED that the Secretary of State be and he is hereby enjoined from using voting machines in the election to be held on November 2, 1976 which do not make provision for and include the name of the aforesaid presidential electors pledged to Eugene J. McCarthy.